OPINION
Defendant-appellant, Jason Brock, appeals a decision of the Mason Municipal Court denying his motion to suppress evidence after he was charged with driving under the influence in violation of R.C. 4511.19(A)(1) and (3).
On March 3, 2000, appellant was driving his pickup truck on U.S. 22 in Warren County. His girlfriend, Leigha Young, was following him in her car. The vehicles were noticed by Ohio State Highway Patrolman Patrick Hathaway. Trooper Hathaway stated that both vehicles were weaving as they traveled along the road and went left of center several times. Trooper Hathaway also noticed that Young was following too close to appellant's vehicle. He stated that appellant's weaving left of center was what originally drew his attention to the two vehicles, and that the weaving was a noticeable violation with the taillights going completely left of center.
Trooper Hathaway decided to stop both vehicles and activated his overhead lights. Young pulled her vehicle over to the side of the road and Sergeant James Adams, who was patrolling with Trooper Hathaway, got out of the cruiser. Trooper Hathaway continued ahead in the cruiser and pulled over appellant's vehicle.
When Trooper Hathaway approached appellant's vehicle, he noticed an odor of an alcoholic beverage coming from inside the vehicle. He stated that appellant was anxious and nervous, and had difficulty retrieving his registration and driver's license and following instructions. When questioned, appellant admitted that he had a couple of beers that evening. Trooper Hathaway noticed that appellant's eyes appeared glazed and were red and bloodshot. He also noticed that appellant's face was flushed and his speech slurred.
Trooper Hathaway decided to conduct field sobriety tests. According to Hathaway, appellant failed all three tests. Appellant was arrested and charged with driving under the influence ("DUI") in violation of R.C.4511.19(A)(1) and (3), and driving left of center in violation of R.C.4511.30. Appellant entered a not guilty plea and filed a motion to suppress evidence.
The trial court held a hearing on the motion and heard testimony from Trooper Hathaway and Sergeant Adams. After considering the evidence, the trial court overruled appellant's motion to suppress. Appellant changed his plea on the DUI charge to no contest and was found guilty. The driving left of center charge was dismissed. Appellant now appeals the trial court's decision overruling his motion to suppress. In a single assignment of error, appellant argues that the trial court erred in denying his motion to suppress evidence for two reasons. First, he argues that the troopers did not have reasonable suspicion to stop his vehicle. Second, he argues that Trooper Hathaway did not have probable cause to arrest him for DUI.
An appellate court may not disturb a trial court's decision on a motion to suppress where it is supported by competent, credible evidence. Statev. Retherford (1994), 93 Ohio App.3d 586, 592. When considering a motion to suppress, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 20. Relying on the trial court's findings, the appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995), 100 Ohio App.3d 688, 691.
Appellant first argues that his motion to suppress should have been granted because the troopers did not have reasonable articulable suspicion to stop his vehicle. There are two standards applied to determine whether police have legitimately stopped a vehicle. State v.Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, unreported, at 3-5. First, police may make an investigative stop of a vehicle when they have a reasonable articulable suspicion that criminal activity has occurred. Id. See, also, Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868; Dayton v. Erickson (1996), 76 Ohio St.3d 3. Second, police may stop a vehicle based on probable cause that a traffic violation has occurred. Moeller, Butler App. No. CA99-07-128, unreported, at 4. This type of traffic stop is valid "regardless of the officer's underlying subjective intent or motivation for stopping the vehicle." Erickson at 11-12; see, also, Whren v. United States (1996), 517 U.S. 806, 810,116 S.Ct. 1769, 1772.
In this case, appellant was stopped after committing a traffic violation by going left of center. Thus, the police had probable cause to effectuate a stop of appellant's vehicle. Appellant, however, argues that a de minimus marked lanes violation does not justify the stop of a vehicle. As support for his argument, appellant cites cases from the Fourth and Seventh Appellate Districts. See State v. Lloyd (1998),126 Ohio App.3d 95; State v. Brite (1997), 120 Ohio App.3d 517.
However, we have repeatedly held that even a de minimus traffic violation provides probable cause for a traffic stop and that any cases to the contrary were effectively overruled by the Ohio Supreme Court's decisions in State v. Wilhelm (1998), 81 Ohio St.3d 444, and Dayton v.Erickson (1996), 76 Ohio St.3d 3. See, e.g., State v. Mehta (Sept. 4, 2001), Butler App. No. CA2000-11-232, CA2000-12-256, unreported; Statev. Williams (June 19, 2001), Clinton App. No. CA2000-11-029, unreported;State v. Mason (Nov. 27, 2000), Clinton App. No. CA99-11-033, unreported; State v. Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, unreported; State v. Sandlin (Oct. 23, 2000), Warren App. No. CA2000-01-010, unreported; and State v. Terrell (Oct. 23, 2000), Clinton App. No. CA99-07-020, unreported.
Appellant also argues that a videotape of the stop depicted "somethingtotally different than what had been testified to earlier by [Trooper Hathaway]." Appellant argues that the video does not show appellant crossing the centerline. However, regardless of what the videotape shows, appellant's argument ignores the fact that Trooper Hathaway testified that the videotape does not depict all of the violations that occurred. Hathaway stated that before the cruiser caught up with the vehicles and the videotape was turned on, he observed several marked lanes violations.
Thus, we find that the police had probable cause to stop appellant's vehicle for a traffic violation. The trial court did not err in overruling appellant's motion to suppress based on the nature of the stop.
In his second argument, appellant contends that the trial court should have granted his motion to suppress because Trooper Hathaway did not have probable cause to arrest him for driving under the influence. When determining whether there is probable cause to arrest for DUI, a court should consider "whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan
(2000), 89 Ohio St.3d 421, at 427, citing Beck v. Ohio (1963), 379 U.S. 89,91, 85 S.Ct. 223, 225; State v. Timpson (1974), 38 Ohio St.2d 122, 127. In making this assessment, a court examines the totality of the facts and circumstances surrounding the arrest. Homan, 89 Ohio St.3d at 427.
Appellant argues that Trooper Hathaway did not have probable cause to arrest him because he did not fail the field sobriety tests. Appellant argues that the video contradicted the trooper's testimony that appellant failed all three field sobriety tests. The trial court found that the horizontal gaze nystagmus tests require observation of something too small for a video camera to pick out. The trial court also found that although Trooper Hathaway made an error in stating how many steps back appellant took on the walk and turn test, the one leg test clearly indicated appellant was impaired. We have carefully reviewed the videotape in this case[1] and find that there was competent, credible evidence to support the trial court's finding of fact on this issue.
Appellant also argues that testimony regarding the field sobriety tests should not have been admitted as evidence of probable cause to arrest because the tests were not administered in strict compliance with standardized testing procedures. The Ohio Supreme Court has determined that strict compliance with standardized testing procedures is necessary before field sobriety tests are admissible as evidence of probable cause to arrest. State v. Homan, 89 Ohio St.3d at paragraph one of the syllabus. However, appellant's argument regarding any lack of compliance with testing procedures is without merit because the issue was not raised or argued before the trial court and the record contains no evidence upon which to make such a determination.
In conclusion, we find there was competent, credible evidence to support the trial court's findings that the police had probable cause to stop appellant's vehicle and to arrest him for DUI. Thus, the trial court did not err in denying appellant's motion to suppress. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] We note that the events depicted occurred at night making some of the details Trooper Hathaway testified to difficult to see. We also note that Trooper Hathaway disagreed with defense counsel's depiction regarding some of the events that occurred on the tape and that the Trooper stated that the tape makes it difficult to see what occurred.